

United States District Court
Southern District of Texas
FILED

AUG - 8 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| and | § § | |
| VANESSA CASTAÑEDA | § § | |
| Plaintiff-Intervenor, | § § | Civil Action No. 5:12-CV-00139 |
| v. | § § | |
| PLATINUM P.T.S., INC. D/B/A PLATINUM PRODUCTION TESTING SERVICES and TEXANS OIL AND GAS SERVICES, LLC, | § § § § § | |
| Defendants. | § § | |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor, Vanesss Castañeda ("Intervenor"), and Defendants, Platinum P.T.S., Inc. d/b/a Platinum Production Testing Services and Texans Oil and Gas Services, LLC ("Defendants"). The EEOC initiated this lawsuit pursuant to Section 703 (a)(1) of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Vanessa Castañeda, who was adversely affected by such practices. More specifically, the Commission alleged that Defendants discharged Vanessa Castañeda because of her pregnancy and/or a medical condition related to her pregnancy in violation of Section 703(a) of Title VII. Intervenor's complaint mirrored the EEOC's complaint and

included state law claims arising out of the same nucleus of operative facts as Intervenor's Title VII claims.

The EEOC, Intervenor and Defendants wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Decree. The Consent Decree is entered for the sole purpose of avoiding the expenses associated with this litigation. Defendants assert that by entering into this Consent Decree, they make no admission of liability or wrongdoing, and make no admission that the conduct was discriminatory or illegal.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the EEOC's filing of this action have been met. The parties stipulate to the Court's jurisdiction.

2. This Consent Decree resolves all issues raised in EEOC's Complaint and Intervenor's Complaint in Intervention in this case. The EEOC and Intervenor waive further litigation of all issues raised in the above referenced Complaints. The EEOC; however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendants.

3. The duration of this Consent Decree shall be two (2) years from the date of its filing with the Court. This Court shall retain jurisdiction of this action during the period of this Decree and may enter further orders or modifications as may be appropriate. Should any disputes under this Decree remain unresolved after this two-year period, the term of the Decree shall be automatically extended, and the Court will retain jurisdiction of this matter to enforce the Consent Decree, until such time as all disputes have been resolved.

4. Defendants agree that, during the term of this Consent Decree, it shall not discriminate against any employee and/or applicant for employment on the basis of sex, female, including, but not limited to, pregnancy or any pregnancy related condition; and it shall not engage in any other act or practice which has the purpose or effect of unlawfully discriminating against any past, present, or future employee on the basis of sex. The conduct includes discharging an individual because of the individual's sex and/or pregnancy or pregnancy related condition.

5. Within ninety (90) days from the entry of this Consent Decree, Defendants will adopt and implement a policy that prohibits discrimination against employees on the basis of sex, female, including, but not limited to, pregnancy or any pregnancy related condition in violation of Title VII; prohibits any act, policy or practice that has the effect of discriminating against any employee and/or applicant for employment on the basis of sex in violation of Title VII; and provides for substantial discipline for violating this policy.

6. Within ninety (90) days of the entry of this Consent Decree, Defendants shall provide, through Elisamar Soto, or another attorney board certified in labor and employment law licensed in the State of Texas, one (1) hour of Equal Employment Opportunity training for all of its employees at its facilities in Laredo, Texas. This training shall cover what constitutes unlawful employment practices under Title VII of the Civil Rights Act of 1964, including, but not limited to, Title VII's prohibitions against discrimination on the basis of sex, female, and pregnancy or pregnancy related conditions.

7. Within ten (10) days of the filing of this Consent Decree with the Court, Defendants shall pay Plaintiff-Intervenor the sum total of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), in settlement of this dispute. Payment shall be made by check as

follows:

(a) Sixty Thousand Dollars ($60,000.00) payable to "Vanessa Castañeda;" and

(b) Forty Thousand Dollars ($40,000) payable to "Galo Law Firm P.C."

Payments shall be delivered to Michael Galo, The Galo Law Firm, 4230 Gardendale, Bldg. 401, San Antonio, Texas 78229, attorney for Ms. Castañeda.

8. If Defendants fail to tender payment or otherwise fail to timely comply with the terms of paragraph 7 above, Defendants shall:

    a. Pay interest at the maximum rate allowed by law for any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendant.

9. A copy of the settlement check(s) and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

10. Within thirty (30) days of the entry of this Consent Decree, Defendants shall post a notice regarding its practices, policies, and intent not to discriminate against any employee in violation of Title VII. Such notice shall be as set forth in Exhibit A, which is attached to this Consent Decree. A copy of Exhibit A shall be posted at Defendants' facilities located in Laredo, Texas, on all employee bulletin boards where employees are likely to congregate. The notices shall remain posted for the duration of the Decree.

11. Defendants, their agents, officers, employees, and servants, in furnishing oral or written references concerning Vanessa Castañeda to prospective employers, shall provide a neutral reference stating that Vanessa Castañeda's resignation was voluntary, and will verify her employment dates and positions held to any inquiring employer. Defendants shall make no

reference to matters arising under or relating to any charges of employment discrimination and/or this lawsuit. This provision shall survive the expiration of the Consent Decree.

12. The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may conduct inspections at Defendants facilities, interview employees; and examine and copy relevant documents.

13. Defendants shall bear the costs associated with administering and implementing the provisions of this Decree.

14. The terms of this Decree shall be binding upon the EEOC, Intervenor and Defendants, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

15. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of entry of this Consent Decree by the Court.

16. When this Consent Decree requires the submission by Defendants of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

SO ORDERED ~~AND ENTERED~~ this 7th day of August, 2013.

HOBORABLE GEORGE P. KAZEN
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature] by permission of*

---
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

*[signature] by permission of*

---
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
Federal ID No. 14850
e-mail: judith.taylor@eeoc.gov

*[signature]*

---
ELISAMAR SOTO
Texas State Bar No. 24028002
Federal ID No.
e-mail: esoto@esotolawoffice.com
Attorney-in Charge

LAW OFFICES OF ELISAMAR SOTO
719 Chihuahua Street, Suite 101
Laredo, Texas 78040
Telephone: (956) 722-0800
Facsimile: (956) 722-0802

**ATTORNEY FOR DEFENDANTS**

---
DAVID C. RIVELA
Trial Attorney
Texas State Bar No. 00797324
Federal ID No. 32914
e-mail: david.rivela@eeoc.gov
Attorney-in-Charge

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEY FOR PLAINTIFF**

*[signature]*
MICHAEL V. GALO, JR.
Texas State Bar No. 00790734
Federal ID No. 19048
e-mail: mgalo@galo.com
Attorney-in-Charge
GALO LAW FIRM
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: (210) 616-9800
Facsimile: (210) 616-9898

**ATTORNEY FOR INTERVENOR**

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Platinum P.T.S., Inc. and Texans Oil and Gas Services, LLC, that discrimination based on sex (pregnancy) is unacceptable and will not be condoned. This is a zero tolerance policy.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination based on sex, and to reiterate Platinum P.T.S., Inc. and Texans Oil and Gas Services, LLC's policy on sex-based discrimination, including pregnancy discrimination as defined by title VII.

**SCOPE:** This policy extends to all employees of Platinum P.T.S., Inc. and Texans Oil and Gas Services, LLC., both management, non-management, and temporary/probationary.

**DEFINITION:** Pregnancy discrimination within the context of employment constitutes unlawful discrimination based on sex, as defined under Title VII. Pregnancy discrimination occurs when the treatment of a female applicant or employee is affected because of her "pregnancy, childbirth, or a medical condition related to pregnancy or childbirth." Some examples of pregnancy discrimination include:

- Refusing to hire a pregnant applicant because she is pregnant;
- Firing or demoting a pregnant employee because she is pregnant;
- Denying the same privileges or benefits of employment to a pregnant employee when they are provided to non-pregnant employees; and/or
- Treating a pregnant employee differently because she is pregnant.

This list is in no means exhaustive. There are other forms of pregnancy discrimination.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding sex based (pregnancy) discrimination. All employees are expected to read, understand, and follow Platinum P.T.S., Inc. and Texans Oil and Gas Services, LLC.'s policy against sex based (pregnancy) discrimination.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination based on sex (pregnancy) is expected to report the conduct as soon as possible to either that person's department supervisor or any supervisor or manager with Platinum P.T.S., Inc. and/or Texans Oil and Gas Services, LLC., Human Resources at (___) ___-____. Supervisors and managers who are informed of any alleged incident of discrimination must

immediately notify Human Resources. A person either alternatively, or in addition to reporting such an allegation to Platinum P.T.S., Inc. and/or Texans Oil and Gas Services, LLC's officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, (866) 408-8075. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by Platinum P.T.S., Inc. and/or Texans Oil and Gas Services, LLC.'s Human Resources Department. The investigation may include interviews of all employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination including, but not limited to, sex based (pregnancy) harassment, including supervisors and managers, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Platinum P.T.S., Inc. and/or Texans Oil and Gas Services, LLC., will not punish you for reporting sex-based (pregnancy) discrimination simply because you have made a complaint under the above guidelines.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF _____ (__) YEARS.**

Signed this _____ day of _____, 2013.

_____          _____
Date                            Platinum P.T.S., Inc. d/b/a Platinum Production Testing Services
                                Texans Oil and Gas Services, LLC

2